J-S56020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                                                  :

              v.                                             :
                                                  :

TYRIK PEREZ                                  :
                                                  :

               Appellant                     :      No. 3131 EDA 2019

Appeal from the PCRA Order Entered September 24, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012874-2009.

BEFORE:    BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:           **FILED: MARCH 26, 2021**

Tyrik Perez appeals from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On February 11, 2011, a jury found [Perez] guilty of attempted murder, aggravated assault, criminal conspiracy, and related offenses. The evidence adduced at trial showed that [Perez] and his co-defendant Khaleef Mumin ("Mumin") were members of the Master Street Crew ("MS Crew") gang. This gang had a long-running feud with members of the Lansdowne Avenue gang ("LA Gang"), with regular shootouts between the two rival gangs.
>
> On October 23, 2017, Cornell Drummond ("Drummond"), a member of the LA gang, was talking to friend on the street

_____

[*] Retired Senior Judge assigned to the Superior Court.

when he saw two men suspiciously ducking behind cars as they approached him. Drummond quickly went to a nearby alley where he normally kept a handgun stashed, but upon his arrival he remembered that he had recently loaned the gun to a fellow gang member, "Little Dave." Drummond went to Little Dave's house near the intersection of 60th and Media Streets to retrieve the gun. As he approached the intersection, [Perez] and Mumin jumped out from behind a parked vehicle. Drummond recognized both of them as members of the MS Crew. [Perez] and Mumin began shooting at Drummond, striking him in the back. Drummond had fallen to the ground, unable to walk, when [Perez] walked over to him and tried to shoot him three more times at close range but the gun jammed.

Police arrived on the scene shortly thereafter; Drummond did not identify his shooters and told police that the men were wearing ski masks and that "they finally got me." When interviewed by detectives at the hospital[,] Drummond only said, "They got me," and indicated that the shooters were from the MS crew. Beyond that, Drummond refused to cooperate with police. The next day, an anonymous caller provided police with information about the shooting. Based upon this phone call, as well as additional investigation, police created a photo array which included photos of [Perez] and Mumin. Drummond was shown these photo arrays and he declined to identify anyone.

Drummond remained hospitalized for over a month and then entered a rehabilitation center. As a result of the shooting, he was paralyzed permanently from the waist down and is now confined to a wheelchair.

PCRA Court Opinion, 4/21/20, at 2-3 (paragraph breaks added).

Thereafter, Drummond was arrested by federal agents and was charged with various drug trafficking and weapons charges. Although he was originally granted bail on these charges, bail was later revoked and Drummond was held in federal prison.

- 2 -

In March 2009, while awaiting trial on his federal charges, Drummond participated in a "proffer session." In exchange for consideration of a reduced sentence on his federal charges, Drummond agreed to provide information regarding criminal activity in the area of 60th and Lansdowne Streets, which had been the ongoing subject of an extensive investigation by federal agents. Toward the end of this session, Drummond volunteered that he knew who shot him and identified Perez and Mumin. The federal authorities conveyed this information to the Philadelphia Police Department, which ultimately led to the arrest of both men.

A joint trial began on February 16, 2011. On February 22, 2011, the jury found both men guilty of attempted murder and related charges. On July 18, 2011, the trial court sentenced Perez to an aggregate term of 17½ to 35 years of imprisonment.[1] After the trial court denied his motion for reconsideration of sentence, Perez filed a timely appeal to this Court. In an unpublished memorandum filed on July 2, 2012, this Court affirmed Perez's judgment of sentence. **Commonwealth v. Perez**, 55 A.3d 122 (Pa. Super. 2012). On December 4, 2012, our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Perez**, 57 A.3d 69 (Pa. 2012). Perez did not seek further review.

---

[1] The trial court sentenced Mumin to an aggregate term of 15 to 30 years in prison. Mumin appealed the order denying him post-conviction relief at No. 3130 EDA 2019, which we also decide today.

- 3 -

On February 27, 2013, Perez filed a timely *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel, who subsequently filed an amended petition and a supplemental petition. The PCRA court held an evidentiary hearing on February 22, 2016. By order entered April 25, 2016, the PCRA court dismissed Perez's first PCRA petition. Perez filed a timely appeal to this Court. In an unpublished memorandum filed on September 11, 2017, we affirmed the order denying post-conviction relief, and, on February 15, 2018, our Supreme Court denied Perez's petition for allowance of appeal. **Commonwealth v. Perez**, 178 A.3d 147 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1082 (Pa. 2018).

On June 22, 2018, counsel for Perez filed the PCRA petition at issue, his second. Current counsel entered her appearance, and filed a supplemental petition on Perez's behalf on February 19, 2019. In these petitions, Perez claimed to have "after-discovered" evidence based upon an affidavit from Drummond, in which he allegedly recanted his trial testimony, and evidence that detectives involved in the investigation of his case were guilty of misconduct.

On May 31, 2019, the Commonwealth filed a motion to dismiss Perez's petition. On August 26, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Perez did not file a response. By order entered September 24, 2019, the PCRA court denied Perez's PCRA petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Perez now raises the following issue on appeal:

I.     Did the PCRA court err in finding that [the petition
       alleging] the newly discovered evidence was not
       timely?

II.    Did the PCRA court err in failing to find merit to
       [Perez's] claim of [after-discovered] evidence?

Perez's Brief at 3.

This Court's standard of review regarding an order dismissing a petition

under the PCRA is to ascertain whether "the determination of the PCRA court

is supported by the evidence of record and is free of legal error. The PCRA

court's findings will not be disturbed unless there is no support for the findings

in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92

(Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without
> a hearing when the court is satisfied that there are no
> genuine issues concerning any material fact, the defendant
> is not entitled to post-conviction collateral relief, and no
> legitimate purpose would be served by further proceedings.
> To obtain a reversal of a PCRA court's decision to dismiss a
> petition without a hearing, an appellant must show that he
> raised a genuine issue of material fact which, if resolved in
> his favor, would have entitled him to relief, or that the court
> otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations

omitted).

In his first issue, Perez challenges the PCRA court's conclusion that his

second PCRA petition was untimely. The timeliness of a post-conviction

petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651

(Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Perez's judgment of sentence became final on March 4, 2013, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme

---

[2] Effective December 24, 2018, the Pennsylvania legislature increased the time period in this subsection from 60 days to one year. ***See*** Act 2018-146, § 2. Because Perez filed his second PCRA petition prior to that date, the 60-day time period applies.

Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Perez had until March 4, 2014, to file a timely petition. Because Perez filed his second petition in 2018, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Perez argues that he had established the newly-discovered-fact exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). This Court has explained this exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Perez asserts that his newly discovered evidence "is based upon a sworn affidavit from the Commonwealth's key witness, [Drummond], who for the first time admits not only that he lied at [Perez's] trial when he inculpated [Perez,] but that he did so at the express request of detectives in the case." Perez's Brief 12.

The PCRA court rejected Perez's claim. The court explained:

> In his petition, [Perez] claims that Rhonea Hill allegedly received a text message from Drummond regarding Drummond's involvement in ***Commonwealth v. Hill***. After [Perez] learned of this text, an investigator visited Drummond and obtained an affidavit in which Drummond stated, "In the case of Commonwealth v. Tyrik Perez, my testimony talking about lying and blaming other people for murder is true. We did whatever needed to be free again."
>
> This is insufficient to serve as a "newly discovered fact" to overcome the time bar as there is nothing "new" in this affidavit. [Perez] was aware of Drummond's testimony at trial. In the affidavit, Drummond never recanted his testimony identifying [Perez] as one of his shooters. Nothing in Drummond's affidavit changes any of the fact or evidence adduced at trial. Since none of this is new information, it cannot satisfy the "newly discovered fact" exception to the time bar.

PCRA Court Opinion, 5/12/20, 6 (paragraph break added).

Our review of the record supports the PCRA court's conclusion that Perez has failed to meet his burden. Initially, we believe he mischaracterizes Drummond's affidavit as it relates to his case. Contrary to his argument cited above, in his affidavit, Drummond does not admit that he lied at Perez's trial,

let alone that he did so "at the express request of detectives in the case." Perez's Brief at 12.[3]

At best, Drummond made a general reference in his affidavit to testifying "[i]n the case of Commonwealth v. Tyrik Perez," that his testimony about "talking about lying and blaming other people for murder is true." However, Perez does not provide a citation to Drummond's testimony from the joint trial in this case where Drummond "may have admitted that his gang was not beyond resorting to lies and blaming other people for murders they didn't do." Perez's Brief at 19. Our review of the transcript of Drummond's testimony reveals no such statement. **See** N.T., 2/16/11, at 24-142, N.T., 2/17/11, at 58-68.

In sum, because the record supports the PCRA court's conclusion that Perez's second PCRA petition was untimely, the court lacked jurisdiction to consider Perez's claim of after-discovered evidence. Thus, we need not address Perez's second issue in this appeal.[4]

_____

[3] We note that, in the supplement to his first PCRA petition, Perez claimed that Detectives James Pitts and Omar Jenkins "purposely concealed" the missing ballistics evidence in his case. The PCRA court found no merit to this claim.

[4] The PCRA court found that even if timely, Perez was "unable to show that Drummond's recantation would not be used solely for impeachment or would have compelled a different verdict at trial. PCRA Court Opinion, 5/12/20 at 7. In addition, the court concluded that Perez's "claims regarding police misconduct [were] wholly without merit as he provided no evidence of misconduct in his own case." **Id.** at 8. We found the record to support both of these conclusions when affirming the order denying Mumin post-conviction

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/21

---

relief.  **_See Commonwealth v. Mumin_**, 3130 EDA 2019, which we also decide today.